**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANTHONY McNEAL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | 1:10-cv-87-WTL-JMS |
| ) | IP06-CR-113-01-T/F |
| ) | |
| UNITED STATES OF AMERICA. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The motion of Anthony McNeal ("McNeal") for relief pursuant to 28 U.S.C. § 2255 fails this test and the action must therefore be dismissed. This conclusion rests on the following facts and circumstances:

   1.   McNeal pled guilty to distribution of fifty grams or more of a substance containing cocaine and was sentenced to a term of imprisonment of 120 months, to be followed by five years of supervised release. McNeal did not appeal his conviction or sentence.

   2.   McNeal then filed an action for relief pursuant to 28 U.S.C. § 2255. The § 2255 action was docketed as No. 1:08-cv-1592-WTL-DML and was dismissed with prejudice on December 22, 2009, because the waiver provision of McNeal's plea agreement barred an action for relief pursuant to 28 U.S.C. § 2255.

   3.   McNeal now files another § 2255 motion. When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

   4.   This court's disposition in 1:08-cv-1592-WTL-DML was not based on a curable technical or procedural deficiency, but rather on a basic and irremediable defect barring consideration of McNeal's substantive claims. Accordingly, that disposition was "on

the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b). *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003)

     5.    With the prior § 2255 motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**


Date: 03/09/2010

*[signature]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana